

Seyfarth Shaw LLP
560 Mission Street
31st Floor
San Francisco, California 94105
T (415) 397-2823
F (415) 397-8549

www.seyfarth.com

September 30, 2025

**VIA CM/ECF**

Molly C. Dwyer
Clerk of Court
United States Court of Appeals for the Ninth Circuit
The James R. Browning Courthouse
95 Seventh Street
San Francisco, CA 94013

Re:  *Weiss v. The Permanente Medical Group, Inc.,* Case No. 24-6609

  Notice of Supplemental Authority Regarding *Detwiler v. Mid-Columbia Med. Ctr.* No. 23-3710, 2025 WL 2700000 (9th Cir. Sept. 23, 2025)

Dear Clerk Dwyer:

Pursuant to Fed. R. App. P. 28(j), Appellee The Permanente Medical Group, Inc. ("TPMG") provides this Notice of Supplemental Authority.

The Ninth Circuit's recent decision in *Detwiler v. Mid-Columbia Med. Ctr.,* --- F.4th ----, No. 23-3710, 2025 WL 2700000 (9th Cir. Sept. 23, 2025) further bolsters TPMG's arguments in its Answering Brief ("AAB" or "Answering Brief") for why the Court should affirm dismissal of Appellant Mimi Weiss' claims. This Court recognized that "some inquiry into the religious or secular nature of a belief is necessary to prevent religious labels from becoming carte blanche to ignore any obligation." *Detwiler*, 2025 WL 2700000, at *6; *see* AAB at 30-33. This is because "[i]nvocations of broad, religious tenets cannot, on their own, convert a secular preference into a religious conviction." *Detwiler*, 2025 WL 2700000, at *6.

This Court also explained that "crediting every secular objection bolstered by a minimal reference to prayer as religious 'would amount to a blanket privilege and a limitless excuse for avoiding all unwanted obligations[,]'" relying on the same cases cited in TPMG's Answering Brief. *Detwiler*, 2025 WL 2700000, at *9 (quoting *Finkbeiner v. Geisinger Clinic*, 623 F.Supp.3d 458,465 (M.D. Pa. 2022)); *see* AAB at 34-35. As this Court held, expanding Title VII to cover such claims "runs the risk of stretching these statutory protections far beyond their intended use. To allow such claimants to go forward without limits would 'impermissibly cloak with religious significance [plaintiff's] fundamentally secular objections . . . and thereby create a blanket privilege whenever an employee invokes scripture.'" *Detwiler*, 2025 WL 2700000, at *10 (quoting *Gatto v. Johnson & Johnson Servs., Inc.,* No. 24-1992, 2025 WL 816732, at *2 (3d Cir. Mar. 14, 2025)).



This Court also distinguished appellate decisions from outside the Ninth Circuit for the same reasons discussed in TPMG's Answering Brief. *See Detwiler*, 2025 WL 2700000, at *10. "These decisions – though less pervasive in the federal circuits than the dissent portrays – offer Title VII protections to the secular implementation of high-level, religiously inspired goals. [Citation]. This threshold is far too permissive." *Id.*; *see* AAB at 40-42.

Very truly yours,

SEYFARTH SHAW LLP

*/s/ Sean T. Strauss*

Sean T. Strauss

**Federal Rule of Appellate Procedure 32(g)**
**Certificate of Compliance**

    Pursuant to Fed. R. App. P. 32(g), counsel for SCPMG certifies that this letter meets the requirements of Fed. R. App. P. 28(j) and Ninth Circuit Rule 28-6 that the body of this letter shall not exceed 350 words. The body of this letter contains a total of 346 words according to the word count feature of Microsoft Word, which was used to prepare it.

    */s/ Sean T. Strauss*
    Sean T. Strauss