

1919 Pennsylvania Ave. NW, Suite 400
Washington, D.C. 20006
202-955-0095 / 𝕏 @becketfund
www.becketfund.org

October 6, 2025

**VIA CM/ECF**

Molly C. Dwyer
Clerk of Court
United States Court of Appeals for the Ninth Circuit
The James R. Browning Courthouse
95 Seventh Street
San Francisco, CA 94013

> Re: ***Weiss v. The Permanente Medical Group, Inc.***, **Case No. 24-6609**
>
> **Response to Appellee's Notice of Supplemental Authority, *Detwiler v. Mid-Columbia Med. Ctr.*, No. 23-3710, 2025 WL 2700000 (9th Cir. Sep. 23, 2025)**

Dear Ms. Dwyer,

*Detwiler* is irrelevant. In *Detwiler*, this Court discussed the first prong of a Title VII religious accommodation claim, namely that the plaintiff have "a bona fide religious belief." 2025 WL 2700000, at *5.

Religiosity is not at issue here. The district court has already determined that Weiss adequately pleaded that her beliefs were religious. *See* ER-61-62.

Nor is Weiss's narrow religious objection to, among other things, non-curative "needle wounds" based in Deuteronomy 14:1, ER-19, the type of "blanket privilege" or "secular objection bolstered by minimal reference to prayer" that aroused concern in *Detwiler*. 2025 WL 2700000, at *9 (cleaned up).

In *Detwiler*, the claimant objected to her employer's offer of a nasal swab test in lieu of vaccination where she believed that the "testing swab is harmful, and specifically that EtO is a carcinogen." *Id*. at *7. The court concluded Detwiler's belief about the carcinogenic nature of the test was "personal and secular, premised on her interpretation of medical

1



1919 Pennsylvania Ave. NW, Suite 400
Washington, D.C. 20006

research." *Id.* It held that Detwiler's objection to the testing protocol was based in "her secular judgment" and "has no relationship with her religious beliefs." *Id.* And it distinguished its decision regarding "testing requirements" from cases, like *Weiss*, regarding "vaccine mandates." *Id.* at n.5.

Regardless, Weiss's objection did not rest on "her secular judgment" or a disputed secular premise. It was not an "[i]nvocation of prayer, without more." *Id.* at *9. Instead, Weiss raised a wholly-religious objection to the vaccine mandate, based on her understanding of Deuteronomy 14:1 and I Corinthians 6:19 and her personal religious obligation not to alter her body in certain religiously-forbidden ways. ER-19-20.

This Court should hesitate to rely on *Detwiler* for other reasons as well. As Judge VanDyke explained, *Detwiler* splits with four other circuits. 2025 WL 2700000, at *14 (VanDyke, J., dissenting). *Detwiler* also splits with the reasoning of *Damiano v. Grants Pass*, a prior-decided Title VII case which it does not cite. 140 F.4th 1117, 1155 (9th Cir. 2025). Indeed, the *Detwiler* plaintiff is seeking rehearing. *See Detwiler*, No. 23-31710 (9th Cir. Sep. 25, 2025), ECF 70.

Word Count: 343

Respectfully submitted,

*/s/ Adèle A. Keim*
ADÈLE A. KEIM
THE BECKET FUND FOR
 RELIGIOUS LIBERTY
1919 Pennsylvania Ave. NW
 Suite 400
Washington, D.C. 20006
(202) 955-0095

JAMES A. SONNE
STANFORD LAW SCHOOL
 RELIGIOUS LIBERTY CLINIC
559 Nathan Abbott Way
Stanford, CA 94305
(650) 723-4426



1919 Pennsylvania Ave. NW, Suite 400
Washington, D.C. 20006

ALAN J. REINACH
JONATHON CHERNE
CHURCH STATE COUNCIL
2686 Townsgate Road
Westlake Village, CA 91361
(805) 413-7394

*Counsel for Plaintiff-Appellant*

cc: All counsel of record (by ECF notification)